SOUTH PORTO RICO SUGAR CÓ. OF PORTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 916. Submitted March 1, 1934.—Decided March 8, 1934.

*Miguel A. García Méndez* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A registrar of property refused to record an agreement described by the parties thereto as a contract for the purchase and sale of sugar cane. His reason was that a power of attorney exhibited by the agent and attorney in fact of the vendor did not expressly authorize the making of a contract for agricultural advances. The power to borrow money and to bind the principal for the payment thereof was so fully and expressly conferred by the power of attorney as to leave no room for doubt upon this point. We mention this aspect of the case only to explain that it need not be discussed and, hence, may be put out of view at the outset.

Section 1604 of the Civil Code (1930 ed.) provides that—

"An agency stated in general terms only includes acts of administration.

"In order to compromise, alienate, mortgage, or to execute any other act of strict ownership, an express commission is required."

The authority conferred upon the agent and attorney in fact included the power to sell the cane in question whether it be regarded as real or personal property. It must be conceded, however, that the contract described as a contract for the purchase and sale of sugar cane was in fact much more than that. It was also a grinding contract. It contemplated and laid the foundation for the execution of a contract for agricultural advances. This contemplated contract for agricultural advances was to be executed as a part of the original agreement. The cane in question was the cane standing upon the land at the date of the contract, December 27, 1933, and the cane to be grown thereon up to the end of the grinding season of 1935. By the express terms of the contract the vendee acquired an interest in the cane from the date of the agreement with all the rights and privileges conferred by the law governing such matters. The contract also contained the following clause:

"It is agreed by the parties that the Central shall reserve to itself the right to extend the present contract should the planter fail by the delivery of his cane to settle his account for advances and interest thereon, in which case the remainder of the amount due shall be secured by the ratoons and any other crop during such a time as might be necessary until such deficit is paid. The planter agrees hereby to such extension and states that this option has been taken into account in laying down the terms and conditions of the present contract."

The power of attorney does not stop with the establishment of a general agency. It confers upon the agent and attorney in fact express power to sell both real and personal property, whether actually owned or to be acquired in the future by his principal. It confers upon him express

power to mortgage any real property or property rights of his principal. The crop lien created to secure the performance of a contract for agricultural advances is a species of mortgage. To hold otherwise or to hold that sugar cane or growing crops or crops to be grown upon the land, or contracts for agricultural advances must be specified *eo nomini* in a power of attorney in order to confer upon an agent or attorney in fact the authority to mortgage such cane or crops would be to carry the rule of strict construction beyond what is required by section 1604, *supra,* reasonably construed. Neither *Baquero* v. *The Registrar of Property,* 22 P.R.R. 22, nor the cases cited therein, nor any of the other cases relied upon by the registrar have gone so far as he would have us go in the case at bar.

The ruling appealed from must be reversed.